## Thomas Cooper, Defendant in Error, v. Robert Burgess & Son, Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action in assumpsit by Thomas Cooper against Robert Burgess & Son.

Plaintiff sued to recover damages by failure of defendants to deliver to him a pure bred Percheron stallion as they had contracted to do, and delivering him instead a worthless and inferior stallion.

The trial resulted in a judgment in favor of the plaintiff and against defendants for seven hundred dollars and costs. To reverse the judgment, defendants prosecute error.

Barnes & Magoon, for plaintiffs in error; J. D. Breckenridge, of counsel.

Chiperfield & Chiperfield, for defendant in error.

Mr. Justice Eldredge delivered the opinion of the court.

## Abstract of the Decision.

1. Evidence, § 356*—*when witness qualified to give opinion.* In an action in assumpsit for damages alleged to have been caused by failure of defendants to perform their contract to sell plaintiff a pure bred Percheron stallion and by their having substituted therefor a French draft stallion, witnesses, mostly farmers residing in the same county as plaintiff who had owned and handled stallions, are competent to testify that while they had little or no knowledge of the value of French draft stallions, yet such stallions would be of little or no value for breeding purposes in that county by reason of the scarcity of French draft mares there, and the weight of their testimony is a question for the jury.

2. Witnesses, § 298*—*when refusal to admit evidence as to veracity harmless.* While evidence that the reputation for truth and veracity of a witness to an oral contract was bad at a period four years before the making of the contract is not too remote, refusal to admit it is not reversible error where the evidence was merely cumulative.

3. Witnesses, § 298*—*when evidence as to reputation for veracity inadmissible.* Objection to evidence to prove the general reputation for truth and veracity of a witness to an oral contract in a certain vicinity is properly sustained where there was no evidence that he had ever lived in that vicinity, but the evidence showed that during the period to which the character evidence related the witness had lived elsewhere.

4. Trial, § 99*—*when objection to admission of evidence made too late.* Objection to the admissibility, in an action in assumpsit, of the proof of value, at a specified time and place, of the stallion to which the action related comes too late when first urged on appeal.

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. INSTRUCTIONS, § 151*—*when refusal to instruct as to principle already covered proper.* Where the principle of law embodied in a refused instruction is fully covered by other instructions, its refusal is not harmful error.

THOMPSON, P. J., took no part in the consideration of this case.